FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 04 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re Deborah Harten and Ralph Cassarino,
As Owners and/or Pro Hac Vice of a 2005,
42 Foot Motor Boat for Exoneration from
or Limitation of Liability
------------------------------------------------------------x

OPINION & ORDER
19-cv-454 (NG)(SMG)

GERSHON, United States District Judge:

Petitioners Deborah Harten and Ralph Cassarino seek exoneration from or limitation of liability pursuant to 46 U.S.C. § 30511(a)[1] related to a boating accident that occurred on July 8, 2018. Respondents Diane Velloza and Carl Velloza, who have separately sued petitioners for liability in a related matter pending before this court in *Velloza v. Ralph*, 18-cv-4781, move to dismiss this action under Rule 12 of the Federal Rules of Civil Procedure for failing to comply with the statute of limitations or, alternatively, for failing to comply with Rule F(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."). For the reasons that follow, respondents' motion to dismiss is denied in part and granted in part.

I.  **Standard of Review**

Respondents move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12, though they do not specify which subsection. When considering a Rule 12 motion, the court must accept as true all well-pleaded factual allegations and must draw all inferences in petitioners' favor. *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 360–61 (2d Cir. 2011). On a Rule 12 motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am.*

---

[1] Respondents' motion cites to the predecessor of 46 U.S.C. § 30511(a), 46 U.S.C. App. § 185, which was revised in October 2006.

*Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)); *Naugler v. Air Line Pilots Ass'n, Int'l*, 2008 WL 857057, at *1 n.3 (E.D.N.Y. Mar. 27, 2008). The court may take such documents into consideration when deciding a motion to dismiss without converting the motion into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

Respondents annex two exhibits containing multiple documents to their motion to dismiss. Exhibit A includes two identical letters dated July 10, 2018 described by respondents as "notice[s] of claim" sent by counsel for respondents, Jamie Minchew, to each petitioner. Exhibit B includes two separate documents. The first is an email from mail@tasmsg.com purporting to relay a voicemail message from Jean Quinn of GEICO Marine Insurance to Ms. Minchew regarding "the Diane Velloza matter" dated July 18, 2018. The second is a letter dated July 20, 2018 from GEICO Marine Insurance to Ms. Minchew, following up on a telephone conversation that took place on July 19, 2018 and discussing the boating accident that underlies this action, attempting to outline a framework for moving forward with the investigation of the claims made, and asserting GEICO Marine Insurance's intent to seek subrogation for accident-related damages to the petitioners' boat.

The complaint references "the claim of Diane and Carl Velloza" and states that "[p]etitioners commenced this proceeding within six months of receiving written notice of claim." Complaint at ¶¶ 6, 13. For purposes of this motion, I will therefore consider the July 10, 2018 letters annexed to the respondents' motion to dismiss as Exhibit A as they are incorporated by reference. I decline to consider the documents annexed as Exhibit B, however, as they are not referenced in the complaint.

2

## II. Whether the Action is Timely

Petitioners' and respondents' boats collided on July 8, 2018 near Great Kills Harbor, off Staten Island. Following the accident, on July 10, 2018, counsel for respondents sent identical letters to each petitioner on firm letterhead.[2] The content of the letters is reproduced below:

> Please be advised that this office has been retained by [Diane Velloza] to pursue a claim for personal injuries arising out of an accident which occurred on the above date.
>
> Please advise your carrier covering your craft of this accident and ask the carrier to contact our office directly. If you have an umbrella insurance policy we urge you to notify them of the accident, further advising us on the enclosed post card of the insurance company and policy number. Such additional coverages will minimize the risk of you personally being responsible for payment of any damages recovered.

Two weeks later on July 24, 2018, respondents filed an action against petitioners in New York State Supreme Court, Richmond County, under case number 151921/2018, which was served on petitioners on July 31, 2018. That action sought $50,000 in property damage, unspecified damages for "serious personal injury" to Ms. Velloza, and unspecified damages related to a loss of consortium claim on behalf of Mr. Velloza. On August 23, 2018, petitioners timely removed the action to federal court under docket number 18-cv-4781 based on admiralty jurisdiction. On January 23, 2019, petitioners filed the instant complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 *et seq.*

---

[2] Respondents claim that petitioners' insurance provider, GEICO Marine Insurance, acknowledged receipt of the claim by telephone calls on July 18, 2018 and July 19, 2018 and by a follow-up letter on July 20, 2018—the documents annexed as Exhibit B. The statute and Supplemental Rules make clear, however, that a notice of claim must be a writing from a claimant. As such, any conversations by telephone between the parties on July 18-19, 2018 or writings from petitioners' representative are immaterial to the determination of the statute of limitations and would nonetheless be inappropriate to consider on a motion to dismiss for the reasons outlined above. I will therefore consider only the July 10, 2018 letters in determining whether petitioners filed their complaint within the six-month statute of limitations.

Respondents first move to dismiss the complaint based on 46 U.S.C. § 30511(a), which provides that an action seeking limitation of liability "must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a); *accord* Supp. R. F(1) ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the district court ... for limitation of liability[.]"). Respondents contend that petitioners received written notice of respondents' claims through the letters dated July 10, 2018, making the January 23, 2019 complaint in this action untimely. Petitioners counter that the limitation action was timely in that it was filed within six months of the filing of the state court complaint served on petitioners on July 31, 2018.

While petitioners do not dispute that they received the July 10, 2018 letters, they argue that the letters did not put them on notice for purposes of the Limitation of Liability Act because the letters failed to disclose the type or general nature of the alleged personal injuries, nor do they contain any information about the amount of alleged damages. In reply, respondents contend that, by referring the petitioners to their insurance carrier and the umbrella insurance carrier, petitioners received written notice that the amount at stake may exceed the post-casualty value of the vessel. I disagree. The letters did not indicate the severity of the injuries to Ms. Velloza, that the Vellozas' pleasure craft was damaged, or that Mr. Velloza was injured in any way. While respondents are correct that written notice need only indicate that it is "reasonably possible" to infer that the total amount of the claim will exceed the value of the ship, their letters dated July 10, 2018 do not suffice. *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982). The July 10, 2018 letters simply did not indicate that the amount of damages sought by the Vellozas may have

exceeded the post-casualty value of petitioners' vessel. Respondents' motion to dismiss the complaint for failure to comply with the six-month statute of limitations is therefore denied.

### III. Whether the Complaint Satisfies the Pleading Requirements

Respondents next seek dismissal of the complaint for petitioners' failure to comply with Supplemental Rule F, which sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

According to Supplemental Rule F(2), a limitation complaint must state the "facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Supp. R. F(2). The complaint also must state: (1) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination;" (2) "the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon;" (3) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where;" (4) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are;" and (5) "the amount of any pending freight recovered or recoverable." *Id.*

Respondents focus first on the fact that the complaint asserts that the accident occurred "on the Raritan Bay, in vicinity of Great Kills Harbor," which they argue is an inadequate description. They rely on *In re Lauritsen*, 2004 U.S. Dist. LEXIS 18324 (N.D. Ill. Sept. 14, 2004), where the limitation complaint was found lacking because it asserted that a boating accident occurred "in Lake Erie." *Id.* I take judicial notice that Lake Erie is over 9,900 square miles and that the entire

Raritan Bay is only approximately 109 square miles. While petitioners could have been more specific in their description of the location of the incident, I am not persuaded that petitioners' description compels dismissal of the action for failure to state a claim.

I also reject respondents' argument that the complaint fails to "state with particularity the nature of [r]espondents' claims." The matter of *Velloza v. Ralph*, 18-cv-4781, has been marked as related to this case. The complaint in that case "is rife with the facts from which [petitioners'] liability arises, contains the amount of claims asserted against [petitioners], and contains the actions and proceedings pending against them because of the accident. Thus, the docket itself cures any alleged shortcomings in the complaint-petition. To dismiss [petitioners'] complaint-petition for failing to include redundant information would be a disservice to justice." *In re Baja Ferries S.A. De C.V.*, 2017 WL 1450591 (D.P.R. Apr. 24, 2017).

More compelling is respondents' argument that the complaint fails to "set forth the facts on the basis of which the right to limit liability is asserted, and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited," as required by Supplemental Rule F(2). Generously reading the complaint, the exhibits thereto, and all filings in the related docket, I find that petitioners simply do not set forth any substantive facts regarding the boating accident itself beyond a statement that "petitioners' vessel was struck by another vessel." Complaint at ¶ 6. With regard to liability, the complaint alleges that "[a]ny claims for loss, damage and/or injury arising from the vessel collision were not due to any fault, neglect, or want of care on the part of petitioners" and that "[i]f any fault caused or contributed to the claims for loss... such fault, neglect, or want of care was occasioned and occurred without petitioners' privity or knowledge." Complaint at ¶¶ 8-9. Such a description is insufficient as it is "all legal conclusions

rather than 'facts on the basis of which the right to limit liability is asserted.'" *In re Lopez-Castro*, 2005 WL 8155930, at *2 (S.D. Fla. Nov. 15, 2005) (citing Supp. R. F(2)). "While 'the narrative need not necessarily be elaborate,' it 'should be full and complete.'" *In re M/V Sunshine*, 808 F.2d 762, 764 (11th Cir. 1987) (citing Benedict, *Admiralty*, § 74, p. 8–25 and 8–26).

The complaint also fails to adequately set out the date and place of the termination of the voyage, where the vessel is currently located, and in whose possession the vessel may be found. While petitioners argue that many of the terms required in Supplemental Rule F(2) "relate to commercial shipping and thus are not relevant in a pleasure craft Limitation Action," petitioners have provided no case law or other authority to support their contentions. Nor have they explicitly stated *which* sections of Supplemental Rule F(2) they believe do not apply to pleasure crafts. I therefore direct petitioners to include the above-referenced information regarding the voyage and the present location of the vessel in any amended complaint.

## IV. Conclusion

Respondents' motion to dismiss the complaint for failure to comply with the statute of limitations is denied. Respondents' motion to dismiss the complaint for failure to state a claim is granted. Petitioners' complaint is dismissed without prejudice. Petitioners are granted leave to amend. Any amended pleading shall be filed by June 17, 2019.

The court will hold a conference on July 11, 2019 at 10:30 a.m. The parties shall be prepared to address the next steps in this litigation.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

June 3, 2019
Brooklyn, New York